UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL D. GIBBONS,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOHN C. MALONE,<br><br>　　　Defendant,<br><br>and<br><br>DISCOVERY COMMUNICATIONS, INC.,<br>　　　Nominal Defendant. | C.A. No. 10-cv-8640 (BSJ) |

### DISCOVERY COMMUNICATIONS, INC.'S JOINDER IN MOTION TO DISMISS BY DEFENDANT JOHN C. MALONE

　　　As a nominal defendant, Discovery Communications, Inc. ("Discovery") refrains from addressing the merits of the litigation and joins in Defendant Malone's motion to dismiss solely to address the legal deficiency of the Complaint.

　　　Although Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), provides that "any profit realized" by a director "from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer . . . ," no case has ever applied Section 16(b) to

- 1 -

purchase and sale transactions involving *different* securities as the Complaint proposes here. Indeed, as long ago as 1943, the Second Circuit stated that to do so would be "beyond the realm of judicial fantasy." *Smolowe v. Delendo Corp.*, 136 F.2d 231, 237 n.13 (2d Cir. 1943) (holding that while matched purchases and sales need not involve the same stock certificates, Section 16(b) does not extend so far as to match different classes of stock). Because it is clear from the face of the Complaint that Plaintiff's suit rests upon Mr. Malone's purchases and sales of two entirely different Discovery equities – Discovery Series A (voting) Common Stock and Discovery Series C (non-voting) Common Stock – it fails to state a claim as a matter of law.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Discovery is a leading global media and entertainment company whose networks include the Discovery Channel, TLC, Animal Planet, and Planet Green, and whose subscribers are located in over 180 countries.

At the time of the December 2008 transactions at issue in the Complaint, Discovery had issued three different equities publicly traded on the NASDAQ: Series A Common Stock (with one vote per share); Series B Common Stock (with ten votes per share); and Series C Common Stock (with no voting rights). Complaint, ¶¶ 14-17; Restated Certificate of Incorporation, Article IV, Section B.1 (Complaint, Exhibit A at A-13).[2] In addition, Discovery had issued then still privately held Series A Preferred Stock which is convertible into Series A Common Stock (but not into Series B Common Stock or Series C Common Stock) and privately held Series C Preferred Stock which is convertible into Series C Common Stock (but not into Series A

---

[1] Several courts have considered and granted motions to dismiss filed or joined by nominal defendants. *See, e.g., Morrison v. Madison Dearborn Capital Partners III, L.P.,* 389 F. Supp. 2d 596, 598 n. 3 (D. Del. 2005) (granting defendants' and nominal defendant's motions to dismiss § 16(b) action); *Koock v. Charter Group, Inc.,* No. 89 CIV. 2549 (RWS), 1989 WL 126064, at *1 (S.D.N.Y. Oct. 13, 1989) (same).

[2] Discovery does not admit the accuracy of the allegations in the Complaint but, for motion to dismiss purposes, accepts Plaintiff's well-pleaded, plausible factual allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Common Stock or Series B Common Stock).  In addition, Series B Common Stock is convertible into Series A Common Stock but not into Series C Common Stock.  Complaint, Exhibit A at A-14.

John C. Malone is and was during December 2008 a member of Discovery's Board of Directors.  Complaint, ¶ 43.

While Plaintiff Michael D. Gibbons alleges that he is and was a Discovery common stock holder, the Complaint does not identify which type of Discovery common stock – Series A, Series B or Series C – he purports to own now or owned in December of 2008.  Complaint, ¶ 12.

On August 20, 2010, Mr. Gibbons' attorney wrote to Discovery demanding that Discovery institute an action under Section 16(b) to recoup alleged "profits" purportedly received by Mr. Malone as a result of certain December 2008 open market purchases of Discovery Series A Common Stock (NASDAQ symbol "DISCA") and certain December 2008 open market sales of Discovery Series C Common Stock (NASDAQ symbol "DISCK").  *See*, Complaint, ¶¶ 15, 17; Complaint, ¶ 42, Schedule II.  This was not the first time Mr. Gibbons' attorney had written to Discovery about Mr. Malone's separate Series A Common Stock purchases and Series C Common Stock sales.  On December 17, 2008, Mr. Gibbons' attorney wrote on behalf of an entirely different client – who also alleged that he was a Discovery shareholder – requesting that Discovery initiate the same Section 16(b) action to recoup the same alleged "profits" cited by Plaintiff here.  On February 11, 2009, Discovery issued a detailed response to Mr. Gibbons' attorney and his first client by stating that it had reviewed the cited transactions and declined to take action because there was no legal support for applying Section 16(b) to transactions involving two different equities, namely the Discovery Series A (voting)

Common Stock (DISCA) and the Discovery Series C (non-voting) Common Stock (DISCK). Discovery never heard from Mr. Gibbons' attorney's first client again.³

When Discovery received Mr. Gibbons' attorney's second letter, over a year and a half later, this time written on behalf of Mr. Gibbons but still citing the same transactions that formed the basis of Mr. Gibbons' attorney's first letter, Discovery again informed Mr. Gibbons' attorney that it would not take any action under Section 16(b) because Discovery Series A (voting) Common Stock and Discovery Series C (non-voting) Common Stock were different securities. This action ensued.

## ARGUMENT

I.  **THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 16(b) BECAUSE SECTION 16(b) DOES NOT APPLY TO TRANSACTIONS INVOLVING DIFFERENT SECURITIES THAT ARE NOT CONVERTIBLE INTO OR DERIVATIVE OF EACH OTHER.**

The Supreme Court recently reiterated the trial court's important role as gatekeeper. Because civil litigation regularly compels defendants to choose between incurring massive legal fees or being coerced into unreasonable settlements, a trial court must at the earliest stage "draw on its judicial experience and common sense" to determine whether a claim should proceed. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).⁴

This Court's gatekeeping role is particularly important here where, as recognized by the Supreme Court, Section 16(b) imposes "the harsh result" of "liability without fault." *Foremost-*

---

³ As described in the Complaint, the purchases of Series A Common Stock were made by trusts in which Mr. Malone had an interest whereas the separate Series C Common Stock sales were effectuated by Mr. Malone. Complaint, ¶ 29.

⁴ This is particularly true of securities litigation, where the Supreme Court has issued three opinions in the past five years that emphasize different elements of the trial court's gatekeeping function. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148 (2008); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Dura Pharms, Inc. v. Broudo*, 544 U.S. 336 (2005).

*McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 252 (1976).  Indeed, the Supreme Court, this Circuit, and Courts in this District have stated consistently that in construing Section 16(b) allegations, courts are to apply a narrow interpretative approach in order to ameliorate unintended harsh consequences of Section 16's "strict prophylactic rule."  *Id.* at 251; *see Gollust v. Mendell*, 501 U.S. 115, 122 (1991); *Levy v. Southbrook Int'l Invs., Ltd.*, 263 F.3d 10, 16 (2d Cir. 2001); *Levner v. Saud*, 903 F. Supp. 452, 461 (S.D.N.Y. 1994).

In particular, a plaintiff must allege more than "labels and conclusions" in order to satisfy its "obligation to provide the 'grounds' of his 'entitle[ment] to relief'" and survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  *See also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Gerbhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000))).  Plaintiff's bald assertion here that Mr. Malone's trusts' purchases of one Discovery equity security (Series A voting Common Stock) can be combined with his sales of another, different, Discovery equity security (Series C non-voting Common Stock) to create Section 16(b) liability falls well short of meeting this standard.[5]

As is set forth in more detail in Mr. Malone's brief, Discovery Series A Common Stock and Discovery Series C Common Stock are, as a matter of law, very different securities.  One is voting (Series A) and the other is not (Series C); neither is convertible into the other (or into any

---

[5] Section 16(b) litigation warrants particularly strict adherence to the pleading standards espoused in *Iqbal* and *Twombly* because it is largely driven by plaintiffs' attorneys, who profit from these cases by collecting fees while plaintiffs recover nominally, to the extent of their interest in the issuer. *See* 15 U.S.C. § 78p(b) (providing that shareholders may initiate a Section 16(b) suit "in the name of and on behalf of the issuer"); Peter J. Romeo & Alan L. Dye, *Section 16 Treatise and Reporting Guide*, § 9.01[7][b] (3d ed. 2008) ("[P]laintiffs' attorneys are the protagonists in most situations involving claims under Section 16(b)."). This Circuit recognized this in the first Section 16(b) case to proceed to judgment. *Smolowe v. Delendo Corp.*, 136 F.2d 231, 241 (2d Cir. 1943) ("[T]he possibility of recovering attorney's fees will provide the sole stimulus for the enforcement of Sec. 16(b)").

other security into which both can be converted); each trades separately and distinctly on the NASDAQ stock market under its own symbol; and tellingly, during the period cited by the Complaint, these two equities traded at a price differential that not only varied with time but also often moved in *different* directions – *i.e.* Series A Common Stock's closing price would increase on the same day Series C Common Stock's closing price would decrease or vice versa. Accordingly there is no basis for Plaintiff's attempt to create short-swing "profits" under Section 16(b) by matching Mr. Malone's trusts' purchases of Discovery Series A Common Stock with his sales of Discovery Series C Common Stock.  *See Levy v. Sterling Holding Co., LLC*, 544 F.3d 493, 496 (3d Cir. 2008) (16(b) liability requires "(1) a purchase of *a* security and (2) a sale of *that* security" within six months) (emphasis supplied).

Indeed, no Court has ever allowed a Section 16(b) plaintiff to match purchases of one security with sales of another security to create 16(b) short-swing profit liability where, as here, neither of the securities is convertible into, or derivative of, the other. Undoubtedly this is because to do so would thwart the Supreme Court's mandate that courts must "endeavor [ ] to implement congressional objectives without extending the reach of the statute beyond its intended limits." *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 594-595 (1973).  *See also Foremost-McKesson, Inc. v. Provident Sec. Co.*, 432 U.S. 232, 252 (1976) ("[t]he Congressional purpose [of § 16(b)] does not require resolving any ambiguity in favor of liability under [§] 16(b)"); *Levner v. Saud*, 903 F.Supp. 452, 461 (S.D.N.Y. 1994) (citing *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972) ("[T]he Supreme Court has stressed a narrow approach to the statutory construction of § 16(b)")).  Indeed, not only has no case ever interpreted Section 16(b) to apply to two different non-derivative securities, but in a Section 16(b)

case a court in this very district has refused to combine different equity securities from the same issuer. *See Morales v. New Valley Corp.*, 936 F. Supp. 119, 125 (S.D.N.Y. 1996) (holding that, as here, differences in voting rights and powers, redemption features, liquidation and dividend preferences and conversion rights distinguish classes of stock as separate). *See also Jevic Transportation, Inc.*, SEC No-Action Letter 99 Fed. Sec. L. Rep. (CCH) ¶ 77547 (April 20, 1999) (announcing that the Staff considers "common securities of a single issuer that carry different voting rights to be distinct classes of securities" for the purposes of Rule 144(e)).[6] Thus there is no legal support for Plaintiff's attempt to match purchases of Discovery Series A voting Common Stock with sales of the separate and distinct Discovery Series C non-voting Common Stock to impose Section 16(b) liability.[7]

## **CONCLUSION**

Because Discovery Series A Common Stock and Discovery Series C Common Stock are different securities, for the reasons set forth above and in Mr. Malone's memorandum in support of his motion to dismiss, Section 16(b) is inapplicable and the Complaint should be dismissed for

---

[6] Rule 144, 17 CFR § 230.144, governs the public resale of so-called restricted (unregistered) and 'control' securities (essentially those held by an issuer's affiliate who is in a 'control' position.) As cited above, the SEC does *not* apply those limits across classes of securities which are different, which occurs (as here) when two securities of a single issuer have different voting rights.

[7] In fact, in 1991, the SEC highlighted its requirement that securities be equivalent before being subject to Section 16(b) short swing profit disgorgement by specifically promulgating a rule making clear that derivative securities and the underlying securities to which they relate "shall be deemed to be the same class of equity securities." *See SEC Release No. 34-28869, Section II.B 1991,* WL 292000. Not only are Discovery Series A Common Stock and Discovery Series C Common Stock not convertible into each other, but actual market trading data indicates that those two securities trade differently, sometimes by moving in opposite directions on the same day.

failure to state a claim.  Discovery expresses this position even though as the nominal issuer defendant it – and not Plaintiff – would receive Section 16(b) short-swing "profits" if any existed.

Respectfully submitted,

DISCOVERY COMMUNICATIONS, INC.

By its attorneys,

_____/S/_____
John F. Batter III (B1998))
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
John.batter@wilmerhale.com

Dated:  January 31, 2011

## CERTIFICATE OF SERVICE

I, John F. Batter III, do hereby certify that a copy of the above document was served on all counsel registered with the ECF system by electronic service on the 31st day of January 2011.

_____/S/_____
John F. Batter III